UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISA FRANCO,<br><br>   Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>   Defendant. | Civil No. 01-CV-658-L<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES UNDER 42 USC § 406(b)(1)(A) [doc. #35] and DIRECTING CLERK TO CLOSE THIS CASE** |

  Plaintiff Marisa Franco filed the above-captioned case seeking judicial review under section 405(g) of the Social Security Act ("Act") of the final decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits for the time prior to February 1, 1997.  After full briefing, the Court adopted in part and rejected in part the Report and Recommendation ("Report") by denying plaintiff's motion for summary judgment and granting defendant's motion for summary judgment.  Plaintiff appealed the Court's decision to the United States Court of Appeals for the Ninth Circuit which affirmed in part, and reversed and remanded in part.  Specifically, the Court of Appeals ordered the district court to "remand to the Council for an award of benefits" from January 5, 1996 to January 31, 1997.  On the basis of that ruling, plaintiff sought an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  The Court denied the application on August 9, 2005.

On February 2, 2008, the Social Security Administration issued the Notice of Award describing the retroactive benefit as $15,291.75 and setting aside 25% of the benefits paid through June 2004, totaling $2,201.75.  Counsel seeks that amount in the present motion.

**1.     Legal Standard**

Sections 406(a) and (b) of Title II of the Social Security Act governs attorney fees for representation of disability claimants in front of the Commissioner and in federal court.  Section 406(a) governs fees for representation in administrative proceedings before the Commissioner. 42 U.S.C. § 406(a).  Section 406(b), on the other hand, controls fees for representation in the federal courts, and provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).  The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.*  The attorney's fees are payable from funds withheld from a claimant's past-due disability benefits by the Social Security Administration for work performed by claimant's counsel before the district court on his or her claim for Title II disability benefits under the Social Security Act.  An attorney may not charge any fees where representation does not result in an award of back benefits.

The Supreme Court resolved a split in the circuits in favor of recognizing the primacy of lawful attorney-client fee agreements and against a lodestar approach to determining reasonable attorney fees in cases where claimants prevail in federal court.  *Gisbrecht v. Barnhart*, 122 S. Ct. 1817, 1820 (2002). The Court concluded that the provision limiting attorney fees to 25 percent of past-due benefits was designed to control, and not to displace, contingent-fee agreements that are within the statutory ceiling.  The Court stated that by enacting the 25% fee cap, Congress sought to protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of appropriate fees.  As the Court further noted, there is nothing in the text or history of § 406(b) that reveals a "desig[n] to prohibit or discourage attorneys and claimants from entering into contingent fee agreements."

*Id.* at 1827.

Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 1828. A court may exercise its discretion to reduce an attorney's contractual recovery based on the character of the representation and the result achieved. *Id.* If an attorney is responsible for delay, a reduction may be in order to prevent the attorney from profiting from the accumulation of benefits during the case's pendency. *Id.* In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* To prevent windfalls for attorneys and assist the reviewing court in making a reasonableness determination, the court may require the attorney to submit a record of the hours spent on the case and a statement of the normal hourly rates charged. *Id.*

**2.     Discussion**

Pursuant to the holding of *Gisbrecht*, the court must conduct an independent review to assure the reasonableness of the fee request in light of the particular circumstances of this case. 122 S. Ct. at 1828.

Counsel seeks less than the 25 percent maximum contingency fee allowed by law at this time; therefore, the request is within the statutory and contract-based maximum of 25 percent of past-due benefits. Plaintiff was awarded $15,291.75 of past due benefits. The attorney's fee sought, $2,201.75, is less than 25 percent of the past-due benefits owed. Counsel asserts that he expended 93.3 hours in the proceedings and has provided his time records associated with this case.

There is a substantial risk of loss inherent in these types of cases. Plaintiff's disability claim had already been denied in whole or in part at several levels of agency review prior to the initiation of the civil action in federal court. Any reliance on a non-contingent rate without taking into account the contingent nature of this 42 U.S.C. § 406(b) fee could under compensate counsel. As *Gisbrecht* makes clear, § 406(b) fees are, by law, contingent fees. A Title II plaintiff's attorney may only collect fees from a plaintiff who ultimately receives benefits.

Counsel agreed to a contingency fee arrangement in which he assumed the risk of

receiving nothing for his time and effort if plaintiff was unsuccessful.  "Congress has indicated the permissibility, within limits, of rewarding attorneys for assuming the risk of going uncompensated for representing Social Security claimants." *Dodson v. Commissioner of Social Security*, 2002 WL 31927589, *2 (W.D. Va. 2002).

**3.     Conclusion**

Having noted the less than 25 percent contingent fee sought by counsel as a starting point and considered the *Gisbrecht* reviewing factors, the Court finds and concludes that the requested attorneys' fees are reasonable in this case and accordingly will award Plaintiff's counsel the sum of $2,201.75 in fees under 42 U.S.C. § 406(b).

Based on the foregoing, plaintiff's motion for attorney's fees in the amount of $2201.75 is **GRANTED**. [doc. #35].   The Clerk of the Court is directed to **CLOSE** this case.

**IT IS SO ORDERED.**

DATED:  March 10, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

ALL PARTIES/COUNSEL